UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK SEPULVEDA,

Plaintiff,

v.

C.D.C.R. AT S.A.T.F. CORCORAN, *et al.*,

Defendants.

Case No. 1:26-cv-04663-CDB (PC)

**ORDER DENYING PLAINTIFF'S REQUEST TO WAIVE COURT FEES FOR THIS ACTION**

(Doc. 9)

**ORDER GRANTING IN PART PLAINTIFF'S CONSTRUED MOTION FOR STATUS AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

(Doc. 10)

Plaintiff Frank Sepulveda ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

## I. INTRODUCTION

On June 17, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.) On June 18, 2026, the Clerk of the Court directed the California Department of Corrections and Rehabilitation to submit a certified prison trust account statement for Plaintiff. (Doc. 3.) A prisoner trust fund account statement was submitted to the Court on June 22, 2026. (Doc. 6.) That same day, this Court granted Plaintiff's request to proceed *in*

///

*forma pauperis* and in its order notified Plaintiff of the following:

> Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action and to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. 28 U.S.C. § 1915(b)(1). The California Department of Corrections and Rehabilitation is required to send payments to the Clerk of the Court from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full.

(Doc. 7) (citing 28 U.S.C. § 1915(b)(2).)

On July 7, 2026, Plaintiff filed a document titled "order granting my request to proceed in forma pauperis," docketed as a request to waive court fees. (Doc. 9.) Therein, Plaintiff states that he does not understand why money is taken from his inmate clerk pay, and that he only makes ten to fifteen dollars a month, that he is indigent and requests the Court to waive his court fees. *Id.* On September 28, 2026, Plaintiff filed a document titled "status of civil lawsuit claim and appointment of counsel," docketed as a motion to appoint counsel. (Doc. 10.) Therein, Plaintiff states he is writing this letter as "inquiry" in hopes to learn the case is moving along. *Id.* He also provides that he "previously entered an appointment of counsel request," stating that he is indigent and his efforts to find counsel has been unsuccessful. *Id.*

## II. DISCUSSION

### A. Request to Waive Fees

As explained in the Court's June 23, 2026, order, when IFP status is granted to a prisoner, a statutory filing fee of $350.00 is assessed pursuant to 28 U.S.C. § 1915(b)(1). The prisoner is then obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to a prisoner's trust account. Those payments are then forwarded to the Court each time the amount in the prisoner's account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2). *In forma pauperis* status does not allow a prisoner plaintiff to avoid paying any filing fee whatsoever. Rather, the prisoner avoids having to pay the total filing fee in full at the time an action is filed with the Court. *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (IFP status merely "defers, but does not permanently excuse, the payment of filing fees"); *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) (explaining that § 1915

"excuse[s] pre-payment of the docket fees" but that "a litigant remains liable for them, and for other costs, although poverty may make collection impossible").[1]

The IFP application that Plaintiff signed on June 17, 2026, specifically "authorized the agency having custody of" Plaintiff "to collect from [his] trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2)." (*See* Doc. 2 at 2.)

In sum, despite his request, Plaintiff remains obligated to pay the $350 filing fee for this action. Payments will continue to be deducted from Plaintiff's trust account in accordance with 28 U.S.C. § 1915 and this Court's orders.

**B. Motion for Status**

This Court continues to experience a judicial resource emergency.[2] All judges in this district carry extremely heavy caseloads. While the Court understands Plaintiff's frustration concerning the pace of this litigation, delays are inevitable. Plaintiff's pending complaint will be screened in due course. Plaintiff should expect continued delays considering the continuing judicial resource emergency in this district. Despite heavy caseloads, the undersigned carefully monitors all assigned cases and will issue appropriate orders in due course. Although understandable, party requests for status updates add to the Court's already overburdened resources.

///

///

---

[1] *See also, e.g.*, *Annamalai v. Montgomery County Treasurer*, No. 3:24-cv-00268, 2024 WL 4599935, at *5, n.6 (S.D. Ohio Oct. 29, 2024) ("A grant of in forma pauperis status to a prisoner does not excuse the prisoner from paying any filing fee, but instead permits periodic partial payments of the fee over time based on collection of amounts held in the prisoner's account, until such time as the full fee is paid"); *James v. U.S. Marshals*, No. CV420-111, 2023 WL 196456, at *1 (S.D. Georgia Jan. 17, 2023) ("IFP status does not afford prisoners the ability to avoid paying filing fees. Rather, IFP status merely allows prisoners to avoid prepaying their filing fees"); *Woods v. Rucker*, No. 8:18-CV-145 (LEK/CFH), 2018 WL 2172697, at * 1, n.1 (N.D.N.Y. Mar. 27, 2018) ("Plaintiff is advised that bring granted IFP status does not excuse him from paying any costs or fees he may incur in this action. … Moreover, plaintiff is reminded that under the Prisoner Litigation Reform Act ('PLRA'), inmate plaintiffs who have been granted IFP status have consented to pay a reduced filing fee of $350 which will be remitted in installments from the inmate's account").

[2] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

**C. Appointment of Counsel**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotations and citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see* (Doc. 3 at 3-4.) Plaintiff's complaint has not yet been screened. At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Plaintiff advances claims of due process violations and cogently intersperses his factual allegations with legal arguments and citation to legal authority. *See* (Doc. 1.) In this regard, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. *See*, *e.g.*, (Doc. 1); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) (same). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) (same); *see also Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the

appointment of counsel. As such, Plaintiff's motion for appointment of counsel will be denied.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion requesting to waive court fees (Doc. 9) is **DENIED**.
2. Plaintiff's construed motion for status (Doc. 10) is **GRANTED** as stated above.
3. Plaintiff's motion to appoint counsel (Doc. 10) is **DENIED**.

Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **November 3, 2026**

UNITED STATES MAGISTRATE JUDGE